JOHN H. DOREMUS ET AL., RELATORS, APPELLANTS, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF PASSAIC, RESPONDENT.

Argued November 30, 1915—Decided June 19, 1916.

1. The mere ownership of a proposed armory site gives no standing to the owner to invoke the aid of a writ of *mandamus* to compel the board of freeholders to raise, by a bond issue, moneys to pay the purchase price of land which the state military board, under the power conferred by *Pamph. L.* 1913, *p.* 502, has contracted to purchase.

2. The right of a citizen to the issue of a prerogative writ is only recognized when it is apparent that the public convenience, or interest, will be subserved by the remedy desired.

3. By the statute creating the state military board (*Pamph. L.* 1913, *p.* 502), that board is made the state's agent with discretion to determine the advisability of acquiring lands for armory purposes, the place of erection, the price to be paid for it, the character of the building to be erected on it, and to supervise the construction of the same. The right to enforce the obligation of the board of chosen freeholders to issue bonds to raise the money necessary to pay for such armories rests, therefore, in the state board and not in any private citizen who may see fit to interest himself in the matter.

On *mandamus*. On appeal from a judgment of the Supreme Court, whose opinion is reported in 86 *N. J. L.* 108.

For the appellants, *Nelson B. Gaskill* and *Whitehead & Appleton*.

For the respondent, *Jacob W. De Yoe* and *Frederick W. Van Blarcom*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The appellants sued out of the Supreme Court an alternative writ of *mandamus* calling upon the board of freeholders to show cause why it should not be compelled to raise by a bond issue, certain moneys to pay the purchase price of four contiguous tracts of land in the city of Passaic owned by the appellants, and which the state military board had contracted with them to acquire for an armory site; the right to acquire the lands for that purpose having been conferred upon the state military board by the legislative act of April 7th, 1913. *Pamph. L., p.* 502.

Upon demurrer to the writ the Supreme Court held that the obligation of boards of freeholders to issue bonds for the purchase of armory sites did not clearly appear from the statute, and for this reason directed judgment for the respondent.

We think the judgment of the Supreme Court should be affirmed, but we prefer to put our decision upon a ground other than that declared in the court below.

The appellants claimed the right to prosecute the writ, first, as the owners of the lands contracted for, and second, as members of a class of persons directly affected by the erection and maintenance of an armory in the city of Passaic.

If they are not entitled to prosecute the writ under either the one right or the other, then, although their standing as relators was not challenged in the Supreme Court, yet if their lack of legal interest in the controversy which the proceedings present affirmatively appears, this court should not only refuse to consider the meritorious questions involved, but should direct a dismissal of the proceedings, although that course had not been followed by the court out of which the writ issued. *Avon* v. *Neptune City,* 57 *N. J. L.* 701; *West Jersey Traction Co.* v. *Camden,* 58 *Id.* 362.

The duty of the board of freeholders to issue bonds for the purpose of raising money to pay for an armory site, if it exists at all, is one which it owes to the people at large, and not a private obligation resting upon it solely for the benefit of the landowners whose property is sought to be acquired. In such a posture of affairs, *i. e.,* where the object sought is the prevention of a public wrong by a public body, or the enforcement of a public duty by such body, courts will not, at the instance of a private party, act by *mandamus,* unless the applicant is one of a class of persons to be most directly affected in their enjoyment of the public right by the wrongful action or non-action of the public body. *Ferry* v. *Williams,* 41 *N. J. L.* 332, 339; *Oliver* v. *Jersey City,* 63 *Id.* 96, 98; *S. C. on error, Id.* 634; *Bott* v. *Secretary of State, Id.* 289, 299. It is obvious, therefore, that the mere ownership of the proposed armory site gives to the relators no standing to invoke the aid of the prerogative writ of *mandamus* for the purpose for which they seek it.

Nor do we think that they have standing to prosecute the writ as members of a class of persons most directly affected by the erection of an armory in the city of Passaic for the housing of a portion of the National Guard of the state.

The purpose of the statute of 1913 is the acquisition of lands and the erection of an armory thereon for the benefit

of the state at large, and not merely for the benefit of the people of Passaic, or of the county in which that city is located. The statute provides that the title to the land, when acquired, shall vest in the state, and that the cost of the erection of the armory upon it shall be paid out of state funds. It follows, therefore, that neither the citizens of the city, nor those of the county of Passaic, constitute a class of persons "most directly affected in their enjoyment of a public right by the refusal of the board of freeholders to issue the bonds in question." But this fact is not controlling, for in *Botl* v. *Secretary of State, supra,* it was held that the doctrine of *Ferry v.* Williams and Oliver *v.* Jersey City was applicable not only to public bodies or officers whose official sphere was confined to some political division of the state, but applied to those whose official action affected the whole state equally (see page 299 of opinion), and as a result of this view, declared that any voter in the state whose elective franchise had been injuriously affected by illegal regulations controlling an election on the question of adopting proposed constitutional amendments, could challenge the validity of that election by *certiorari* proceedings. That the doctrine applies equally to proceedings by *mandamus* or *quo warranto* is also declared by this court in the opinion just cited.

The right of the present relators to prosecute this action, therefore, depends upon whether or not the legislature, by implication, declared that this common law rule should not be applicable in determining whether or not boards of freeholders should be proceeded against by *mandamus* for failure to issue bonds in compliance with the requisition of the state military board. We think that it has. A reference to the cases already cited will show that the right of the citizen to the issue of a prerogative writ is only recognized when it is apparent that the public convenience, or interest, will be subserved by the remedy desired. By the statute the state military board is created the state's agent with discretion to determine whether or not land shall be acquired in any county for armory purposes, and if so, in what part of the county; the price to be agreed upon; the character of the armory to be erected,

and the supervision of its construction, and in all these matters the judgment of the state military board is to be final. If in a given case the board of freeholders of a county refuses to honor the requisition of the state military board by the issuing of bonds for the purchase of an armory site, the question immediately arises whether this refusal has any basis of justification in fact; and the purpose of the legislature exhibited in the statute is that this and like questions shall be determined by the state military board, and not by a mere citizen of the state who sees fit to interest himself in the matter. The failure of the state military board to take proceedings to enforce the obligation of the board of freeholders to issue the bonds raises the presumption that further investigation has satisfied it that the public interest will not be subserved by an application for a writ of *mandamus* directed against the board of freeholders. It is not within the province of the ordinary citizen to disregard this conclusion of the board, and attempt to override it by seeking to become an actor in its place and stead.

For these reasons we think the judgment of the Supreme Court should be affirmed.

*For affirmance*—The Chief Justice, Swayze, Parker, Bergen, Kalisch, Black, White, Terhune, Heppenheimer, Williams, Taylor, JJ.  11.

*For reversal*—None.